ORIN S. BACON, JR., Appellant, *v.* MORRIS W. HANNA, Impleaded, etc., Respondent.

Under the provisions of the act of 1857 (§ 3, chap. 416, Laws of 1857), which permits service by mail, of notice of protest of a promissory note, where the indorser lives in the same city or town, or has a place of business therein, or where "from the best information obtained from diligent inquiry" he is "reputed" there to reside or to have a place of business, the mere consulting a directory is not sufficient diligence.

In an action upon a promissory note in which defendant H. was sought to be charged as indorser, it appeared that he had for nineteen years resided in a town outside of the village of Canandaigua, his residence being about four miles distant from the corporate limits, and his post-office address was a place in the town outside of the village; also, that he had been for two years supervisor of the town. The notary mailed a

notice of protest to H. at Canandaigua, having found in the village directory an entry of his name with this added, "158 Canandaigua." The notary had been to the house of H., knew of its location and also knew that he was supervisor of the town and had mailed notice of protest of a note preceeding the one in suit to him at his post-office address. *Held,* that due diligence was not exercised in giving notice of protest, and so, that the action was not maintainable against H.

(Argued February 9, 1893; decided February 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made January 22, 1892, which affirmed a judgment in favor of defendant entered upon a verdict directed by the court.

This was an action upon a promissory note made by defendant, J. Sawyer Hanna, payable in two months after date to the order of A. E. Hanna. It was indorsed by the payee and the defendants, Morris W. Hanna and W. Dwight Munger. Morris W. Hanna refused to submit any question to the jury and alone defended. The court directed a verdict for defendant to which plaintiff's counsel excepted. A verdict was rendered in accordance with the direction.

The facts, so far as material, are stated in the opinion.

*John Gillette* for appellant. The court erred in holding on the whole proof that sufficient diligence had not been shown by the plaintiff before mailing the notice of protest to Hanna at Canandaigua, and granting defendant's motion for a nonsuit. (*Bank of Utica* v. *Philips*, 3 Wend. 408; *Requa* v. *Collins*, 51 N. Y. 147; *Baer* v. *Lippert*, 12 Hun, 576; *Libby* v. *Adams*, 32 Barb. 542; *Gantry* v. *Dane*, 51 N. Y. 89; *C. Bank* v. *State*, 15 Wend. 364; *Bank of Utica* v. *Bender*, 21 id. 643; *Ransome* v. *Mack*, 2 Hill, 587; *Beal* v. *Parrish*, 20 id. 407.)

*Edwin Hicks* for respondent. There was no diligence shown in the protest of the note, and the indorser was discharged. (Story on Prom. Notes, § 135; Edw. on Bills, § 265; *Lawrence* v. *Miller*, 16 N. Y. 235; *Anderson* v.

*Drake,* 14 Johns. 114; *Ward* v. *Prince,* 54 Barb. 89; *Sewell* v. *Russell,* 5 Wend. 276; *Bartlett* v. *Robinson,* 39 N. Y. 191.) There was no diligence exercised by either the maker or notary in the attempt to protest the note in question. (*G. Bank* v. *De Groot,* 7 Hun, 216; 1 Pars. on Bills, 495; *Rawden* v. *Redfield,* 2 Sandf. 178; *Lawrence* v. *Miller,* 16 N. Y. 235; *Baer* v. *Leffert,* 12 Hun, 516; *Baest* v. *Winckle,* 14 id. 188; Chitty on Bills, 489; *Clift* v. *Rogers,* 25 Hun, 39; *Smith* v. *Miller,* 52 N. Y. 548.) There was no question in the case for the jury, and the direction of the trial judge was correct. (*Rich* v. *Jackway,* 18 Barb. 357; *Remer* v. *Downer,* 23 Wend. 620; *Bank of Utica* v. *Bender,* 21 id. 642; *Spear* v. *Bank,* 3 Hill, 520.)

Finch, J. The complaint involved in this appeal respects the ruling of the court, which determined, as matter of law, that due diligence had not been exercised in giving notice of protest to the indorser, and refusing to submit the question, as one of fact, to the decision of the jury. The General Term sustained the ruling, and we are inclined to approve it, as justified by the facts.

The indorser lived in the town of Hopewell, and his post-office address was at Chapinville in that town. He had resided in the same place for nineteen years, and at the time of the maturity of the note was supervisor of his town, which adjoined the village of Canandaigua, and had held that office for two years. His home was four miles east of the east line of the village, and the notary who served the notice had been at his house and consequently knew of its location. He knew also that the indorser was supervisor of the town of Hopewell, and had mailed a notice of protest of a note preceding the one in suit, and of which the latter was a renewal, to the same indorser at Chapinville. Inquiry of the maker of the note; at the postoffice in Canandaigua; or of business men in that village; would have disclosed the residence of the indorser easily and correctly. What the notary did was to mail a notice directed to the indorser at Canandaigua, under the provisions

of the act of 1857 (Chap. 416, § 3), which permits such notice
by mail where the indorser lives in the same city or town, or
has a place of business therein, or has indicated such residence
by a memorandum added to his signature, or where, "from
the best information obtained from diligent inquiry," he is
"reputed" there to reside or have a place of business. We
may assume that the notary may have forgotten for the
moment his previous action in mailing a notice to Chapinville,
and was in doubt about the residence of the indorser, although
with the knowledge which he had and some reasonable reflec-
tion upon the subject it would seem that his memory might
not have failed him, but his only effort to solve the doubt was
to look into a directory of Canandaigua to ascertain the truth.
He there found this entry: "Hanna, Morris W., 158 Canan-
daigua." The record does not show whether or not there is a
street in the village bearing its name. If there is, inquiry at
that number would have disclosed the error. If there is not,
the entry was sufficiently odd and peculiar to make the
notary's alleged understanding that the figures meant number
of acres owned in Canandaigua inexcusable without some
further inquiry. Prior to the act of 1857 service upon the
indorser residing in the same town at his place of residence
therein was required. The change permitting instead a service
by mail was carefully guarded and limited. Where the notary
relied upon a "reputed" residence he was required to act
from "the best information obtained by diligent inquiry."
Merely looking into a directory is not enough. The sources
of error in that process are too many and too great. Such
books are accurate enough in a general way, and convenient
as an aid or assistance, but they are private ventures, created
by irresponsible parties and depending upon information
gathered as cheaply as possible and by unknown agents.
Their help may be invoked, but, as was said in *Lawrence* v.
*Miller* (16 N. Y. 231), their error may excuse the notary, but
will not charge the defendant. Merely consulting them should
not be deemed "the best information obtained by diligent
inquiry." (*Greenwich Bank* v. *De Groot*, 7 Hun, 210; *Baer*

v. *Leppert*, 12 id. 516.) These cases differ somewhat in their facts, but clearly indicate that bare reliance upon a directory is not sufficient diligence, and that should certainly be the rule upon facts such as are disclosed in the present case.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed. _____