(6 Misc. Rep. 54.)

### WEAVER et al. v. FARRINGTON et al.

(City Court of New York, General Term. November 27, 1893.)

NEGOTIABLE INSTRUMENT—INDORSEMENT OF RENEWAL NOTE—CONSIDERATION.
  Where a note is indorsed to renew a prior note about to become due,
  the taking of the renewal note, the cancellation of the prior note, and the
  extension in the time of payment constitute a sufficient consideration for
  the indorsement. Bank v. Place, 86 N. Y. 444, followed.

Appeal from trial term.

Action by William H. Weaver and others against Joseph T. Farrington, impleaded with George Blair, on a promissory note. From a judgment entered on a verdict directed for plaintiffs, defendant Farrington appeals. Affirmed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

Samuel C. Mount, for appellant.
Nelson S. Carr, for respondents.

McCARTHY, J. This is an appeal by defendant from a judgment entered herein in favor of the plaintiffs and against the defendants upon the verdict of a jury rendered at the direction of the court. The action was brought to recover the sum of $625, with interest from the 8th day of March, 1893, on a promissory note dated at the city of New York, March 8, 1893, made by one George Blair, payable to the order of Joseph T. Farrington, and indorsed, transferred, and delivered by the latter to the plaintiffs for value. The note is duly pleaded in the complaint. The answer substantially avers that the note in suit was indorsed by defendant Farrington without a consideration, and was diverted by his codefendant Blair from the purpose for which it was intended. The defendant Blair failed to appear in this action. The part payment, and the giving of another note of lesser amount in place of the $700 note, was a good consideration for the transfer of the note in suit. Newman v. Frost, 52 N. Y. 424; Mayer v. Heidelbach, 123 N. Y. 332, 339, 25 N. E. 416. There was sufficient consideration for the indorsement of this defendant. See Bank v. Place, 86 N. Y. 444. Andrews, J., at page 447, says:

"It is claimed, however, that, assuming the genuineness of the indorsement of the note of May 24th, there was no consideration to uphold the indorsement of that note, nor, consequently, of the note given in renewal. We think this point is not tenable. The oral contract made between the bank and Wooster in December, 1875, to carry the indebtedness of Wooster, arising out of his indorsements for the Burrs, for one year, was to be performed by his giving short paper, indorsed by the defendant Place and others, which the bank was to renew from time to time, as it fell due. The note of May 24th was given to renew paper taken by the bank under this arrangement. This prior paper was due, or about due, when that note was given. The bank could have sued that paper when due, and proof of the agreement to carry the debt, and that new notes had been tendered in renewal, would not have been a defense. The proof of the contract to carry would not have been admissible to control the legal effect of the promises contained in the notes to pay at a fixed time. The bank, if it had refused to perform its agreement to renew, would, I think, have been liable for the breach, but

only on the theory that the promise to carry the debt was a collateral promise, independent of the written contract contained in the notes. It would have constituted no defense to an action upon the notes falling due within the year. At most it would have constituted a counterclaim to the extent of the injury sustained by its breach. In this view there was ample consideration for the indorsement by the defendant Place of the note of May 24th. The bank, upon taking that note, canceled the prior paper, and extended the payment of the debt. The note in suit was indorsed to be used at the bank to take up the note of May 24th. This was understood by Place, and it is immaterial, upon the question of consideration, at whose request this indorsement was made."

This case is exactly in point, and controlling. See Youngs v. Lee, 12 N. Y. 555; Insurance Co. v. Church, 81 N. Y. 218, 222. We find no error on the part of the trial justice, and judgment should therefore be affirmed, with costs. All concur.