CUMING v. RODERICK.

(Supreme Court, Appellate Division, First Department. April 15, 1898.)

1. NOTE—NOTICE OF PROTEST—AFFIDAVIT OF INDORSER—WAIVER.
Code Civ. Proc. § 923, provides that, unless an indorser shall serve an affidavit upon the adverse party denying the receipt of notice of protest, the notary's certificate shall be presumptive evidence of the facts stated. *Held* that, where the indorser was permitted to testify without objection that notice was never received, the service of the affidavit was thereby waived, and the question of the force of the notary's certificate eliminated from the case.

2. SAME—SUFFICIENCY OF NOTICE.
Laws 1857, c. 416, § 3 (now Neg. Inst. Law 1897), provides that where there is no indication on a note of the residence of an indorser, and by diligent inquiry he is reputed to reside or have a place of business in the place where the note is payable, notice of protest may be served on him by mailing such notice directed to him at such place. *Held*, that merely looking in a directory, and sending notice by mail to an address there found, which was not the indorser's address, was not diligent inquiry, under the statute, and that a notice so sent, and never received, was not sufficient to charge the indorser.

Appeal from trial term.

Action by Mari A. Cuming against George W. Roderick. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

G. W. Roderick, in pro. per.

A. B. Cruikshank, for respondent.

PATTERSON, J. This case comes up on an appeal by the defendant, Roderick, from a judgment in favor of the plaintiff in an action upon a promissory note, of which the appellant was the indorser and the plaintiff the payee. The action has been twice tried. On the first trial the complaint was dismissed for insufficiency of proof. On the appeal from the judgment entered upon that dismissal we held (16 App. Div. 339, 44 N. Y. Supp. 1033) that there was some evidence to go to the jury of the note having been indorsed by Roderick to give Carpenter, the maker, credit with Cuming, the payee. Whatever doubt may have existed upon that subject was set at rest on the second trial, there being positive evidence given by the plaintiff, and which the jury believed, that Roderick was present at

the time the arrangement was made between Cuming and Carpenter, and that the indorsement was made pursuant to such arrangement. But a question is now before us which was not presented on the former appeal. It is contended by the appellant that he has not been properly charged as indorser, because he was not served with notice of protest of the note in the manner required by law. It is urged in answer to this that the appellant is not in a condition to raise that question because of a failure to comply with the provisions of section 923 of the Code of Civil Procedure. It appeared in evidence that the note was protested by Mr. Field, a notary public, who mailed a notice of protest directed to the indorser, Roderick, at No. 66 Court street, Brooklyn, and in the notary's certificate the fact of the mailing of that notice is stated. It is provided by the section of the Code referred to that the certificate of a notary public of the state, under his hand and seal of office, of the protest for nonpayment of a promissory note, or of the service thereof on a party to the note, specifying the mode of giving the notice, the reputed place of residence of the party to whom it was given, and the post office nearest thereto, is presumptive evidence of the facts certified, unless the party against whom it is offered has served upon the adverse party with his pleading, or within 10 days after joinder of issue, an original affidavit to the effect that he has not received notice of the nonpayment of the note. No affidavit of the character required by this section was given, and therefore it is claimed that the appellant cannot rebut the presumption arising from the contents of the certificate. But the point is not really involved in the case, and it is unnecessary for us to consider it further.

The defendant was allowed by the plaintiff, without objection or exception, to testify that notice of protest was not received. He swore on the trial that he did not know that the note had not been paid until a year or more after it fell due, and that the notice of protest referred to in the certificate of the notary public was never received by him. Any consideration, therefore, that might have arisen in the case respecting the force of the notary's certificate and the testimony of Mr. Roderick that he never received a notice of protest, was taken out of the case, and the question alone was left as to the sufficiency in law of the service of the notice of protest.

The law providing for and regulating the service of notices of protest of commercial paper, in force at the time the note was protested, was chapter 416 of the Laws of 1857 (which is now superseded by the provisions of the negotiable instrument law of 1897). Three things are provided for by the third section of that act, and they may be thus summarized: That when the residence or place of business of an indorser of commercial paper shall be in the same city or town where the paper is payable or legally presentable for payment, or wherever the city or town indicated under the indorsement of the indorser as his or her place of residence is the city or town where the paper is payable, or where, in the absence of such indication, the city or town where such indorser, from the best information obtained by diligent inquiry, is reputed to reside or have a place of business, shall be the same city or town where the paper

is made payable, then the notice of protest may be served by depositing it in the post office of the city or town where such paper was payable or legally presented for payment, directed to the indorser at such city or town. There was no address of the indorser, Roderick, given under his signature. It was abundantly proven that he did not live in the city of Brooklyn, but resided at Gravesend, in the county of Kings. He did have an office in Brooklyn, but it was not at the address to which the notice was directed. If the notary had directed the notice to the indorser at the city of Brooklyn, without limiting or specifying any particular place in that city at which the letter was to be delivered, the notice would have been sufficient, within the first of the three authorizations of the third section of the act of 1857. But the notice was expressly limited. It was directed to a particular person, at a particular place, and the indication to the postal authorities was that the individual to whom that communication was addressed was to be found at that place; hence the risk of nondelivery was taken by the sender of the communication, and is not to be thrown upon the addressee of the notice. It is evident, from the contents of the certificate of the notary and from his testimony, that it was his purpose to serve the notice at the place of residence of Mr. Roderick, the indorser, and not at his place of business, and to give the notice under the authority of the third provision of the third section of the act referred to; for, in his certificate respecting the service of the notice, he declares that he gave notice of the presentation, demand of payment, and nonpayment of the note, to the maker and indorsers, by depositing in the letter box in the post office of the city of New York, postage prepaid, notices containing said facts, one directed to George W. Roderick, 66 Court street, Brooklyn, N. Y., and the others to other parties, "the above being the reputed places of residence of the said parties and the post office nearest thereto." The attempt of the notary, therefore, was to give notice to the indorser at his residence. In order to give an effectual and binding notice, under the requirement of the statute, it was his duty to make diligent inquiry as to the residence of the indorser. The notary himself swears that he made no inquiry of any person as to the residence or as to the place of business of Mr. Roderick. All that he did was to look at a directory, from which he ascertained an address of a George W. Roderick as being at 66 Court street. From that place Mr. Roderick had removed many months before.

It has been held, and was the law at the time this notice was served, that merely looking in a directory, and not pursuing the inquiry any further, to ascertain the residence or place of business of a person to be served with notice under the statute, is not diligent inquiry, within the meaning of that act. In Bank v. De Groot, 7 Hun, 210, Mr. Justice Daniels considers the whole subject at large. And in Bacon v. Hanna, 137 N. Y. 379, 33 N. E. 303, it is stated that where the notary relied upon a reputed residence he was required to act from the best information obtained by diligent inquiry. "Merely looking into a directory is not enough. The sources of error in that process are too many and too great. Such books are accurate

enough in a general way, and convenient as an aid or assistance, but they are private ventures, created by irresponsible parties, and depending upon information gathered as cheaply as possible and by unknown agents. Their help may be invoked, but as was said in Lawrence v. Miller, 16 N. Y. 235, their error may excuse the notary, but will not charge the defendant. Merely consulting them should not be deemed the best information obtained by diligent inquiry,"—citing Bank v. De Groot, 7 Hun, 210; Baer v. Leppert, 12 Hun, 516. It is also said that these cases differ somewhat in their facts, but clearly indicate that bare reliance upon a directory is not sufficient diligence, and that should certainly be the rule upon facts such as are disclosed in the present case.

We think the notice of protest was insufficient, and for that reason the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

RUMSEY and McLAUGHLIN, JJ., concur. VAN BRUNT, P. J., and INGRAHAM, J., concur in result.