MARI A. CUMING, Respondent, v. GEORGE W. RODERICK, Appellant, Impleaded with ALEXANDER T. CARPENTER.

*Bills and notes — effect of permitting an indorser, who has not served an affidavit under Code Civ. Proc. § 923, to give testimony impeaching the certificate of protest — mailing a notice of protest to the indorser at his place of residence as given in the directory without further inquiry.*

In an action brought by the payee against the indorser of a promissory note, a defense was interposed by the indorser that he had not been properly charged by service of notice of protest of the note, but no affidavit, such as is required by section 923 of the Code of Civil Procedure, to the effect that the indorser had not received notice of the non-payment of the note, was served upon the plaintiff. Upon the trial of the action, on which the notary's certificate of protest was introduced in evidence by the plaintiff, he allowed the indorser, without objection or exception, to testify that notice of protest had not been received by him.

*Held*, that, by permitting such evidence to be received without objection, the plaintiff waived the conclusiveness which the notary's certificate would otherwise have had, in the absence of service of the affidavit required by the statute.

A notary protesting paper, which did not state the address of the indorser, without inquiry as to the latter's residence or place of business, mailed a notice of protest addressed to him at his address as stated in the directory, and in his certificate of protest said, respecting the addresses to which the notices of protest were sent, "The above being the reputed places of residence of the said parties and the post office nearest thereto." It appeared that the indorser's residence was not at the place designated in the directory, and that his place of business, although in the city, was not at the address to which the notice was sent.

*Held,* that the notary had not made diligent inquiry as to the residence of the indorser within the meaning of the statute in reference to the service of notice of protest of negotiable paper (Laws of 1857, chap. 416), and that the notice was insufficient to bind the indorser.

APPEAL by the defendant, George W. Roderick, from a judgment of the Supreme Court in favor of the plaintiff and against the said defendant, entered in the office of the clerk of the county of New York on the 13th day of October, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 14th day of October, 1897, denying the said defendant's motion for a new trial made upon the minutes.

*George W. Roderick,* for the appellant.

*Alfred B. Cruikshank,* for the respondent.

PATTERSON, J. :

This case comes up on an appeal by the defendant Roderick from a judgment in favor of the plaintiff in an action upon a promissory note, of which the appellant was the indorser and the plaintiff the payee. The action has been twice tried. On the first trial the complaint was dismissed for insufficiency of proof. On the appeal from the judgment entered upon that dismissal we held (16 App. Div. 339) that there was some evidence to go to the jury of the note having been indorsed by Roderick to give Carpenter, the maker, credit with Cuming, the payee. Whatever doubt may have existed upon that subject was set at rest on the second trial, there being positive evidence given by the plaintiff, and which the jury believed, that Roderick was present at the time the arrangement was made between Cuming and Carpenter, and that the indorsement was made pursuant to such arrangement. But a question is now before us which was not presented on the former appeal. It is contended by the appellant that he has not been properly charged as indorser, because he was not served with notice of protest of the note in the manner required by law. It is urged in answer to this that the appellant is not in a condition to raise that question, because of a failure to comply with the provisions of section 923 of the Code of Civil Procedure. It appeared in evidence that the note was protested by Mr. Field, a notary public, who mailed a notice of protest directed to

the indorser Roderick at No. 66 Court street, Brooklyn, and in the notary's certificate the fact of the mailing of that notice is stated. It is provided by the section of the Code referred to that the certificate of a notary public of the State, under his hand and seal of office, of the protest for non-payment of a promissory note, or of the service thereof on a party to the note, specifying the mode of giving the notice, the reputed place of residence of the party to whom it was given and the post office nearest thereto, is presumptive evidence of the facts certified, unless the party against whom it is offered has served upon the adverse party with his pleading, or within ten days after joinder of issue, an original affidavit to the effect that he has not received notice of the non-payment of the note. No affidavit of the character required by this section was served, and, therefore, it is claimed that the appellant cannot rebut the presumption arising from the contents of the certificate. But the point is not really involved in the case, and it is unnecessary for us to consider it further. The defendant was allowed by the plaintiff, without objection or exception, to testify that notice of protest was not received. He swore on the trial that he did not know that the note had not been paid until a year or more after it fell due, and that the notice of protest referred to in the certificate of the notary public was never received by him. Any consideration, therefore, that might have arisen in the case respecting the force of the notary's certificate and the testimony of Mr. Roderick that he never received a notice of protest, was taken out of the case, and the question alone was left as to the sufficiency in law of the service of the notice of protest.

The law providing for and regulating the service of notices of protest of commercial paper, in force at the time the note was protested, was chapter 416 of the Laws of 1857 (which is now superseded by the provisions of the Negotiable Instruments Law of 1897 [Chap. 612]). Three things were provided for by the 3d section of that act, and they may be thus summarized: That when the residence or place of business of an indorser of commercial paper shall be in the same city or town where the paper is payable or legally presentable for payment, or wherever the city or town indicated under the indorsement of the indorser as his or her place of residence is the city or town where the paper is payable, or where, in the absence of such

indication, the city or town where such indorser, from the best information obtained by diligent inquiry, is reputed to reside or have a place of business, shall be the same city or town where the paper is made payable, then the notice of protest may be served by depositing it in the post office of the city or town where such paper was payable or legally presented for payment, directed to the indorser at such city or town.

There was no address of the indorser Roderick given under his signature. It was abundantly proven that he did not live in the city of Brooklyn, but resided at Gravesend, in the county of Kings. He did have an office in Brooklyn, but it was not at the address to which the notice was directed. If the notary had directed the notice to the indorser at the city of Brooklyn, without limiting or specifying any particular place in that city at which the letter was to be delivered, the notice would have been sufficient within the first of the three authorizations of the 3d section of the act of 1857. But the notice was expressly limited; it was directed to a particular person at a particular place, and the indication to the postal authorities was that the individual to whom that communication was addressed was to be found at that place; hence, the risk of non-delivery was taken by the sender of the communication, and is not to be thrown upon the addressee of the notice. It is evident, from the contents of the certificate of the notary and from his testimony, that it was his purpose to serve the notice at the *place of residence* of Mr. Roderick, the indorser, and not at his place of business, and to give the notice under the authority of the 3d provision of the 3d section of the act referred to, for in his certificate respecting the service of the notice he declares that he gave notice of the presentation, demanded payment, and non-payment of the note, to the maker and indorsers, by depositing in the letter box in the post office of the city of New York, postage prepaid, notices containing said facts, one directed to George W. Roderick, 66 Court street, Brooklyn, N. Y., and the others to other parties, "*the above being the reputed places of residence* of the said parties, and the post office nearest thereto." The attempt of the notary, therefore, was to give notice to the indorser *at his residence.* In order to give an effectual and binding notice under the requirement of the statute, it was his duty to make diligent inquiry as to the residence of the indorser.

The notary himself swears that he made no inquiry of any person as to the residence or as to the place of business of Mr. Roderick. All that he did was to look at a directory, from which he ascertained an address of a George W. Roderick as being at 66 Court street. From that place Mr. Roderick had removed many months before.

It has been held, and was the law at the time this notice was served, that merely looking in a directory, and not pursuing the inquiry any further, to ascertain the residence or place of business of a person to be served with notice under the statute, is not diligent inquiry within the meaning of that act. In *Greenwich Bank* v. *De Groot* (7 Hun, 210) Mr. Justice DANIELS considers the whole subject at large. And in *Bacon* v. *Hanna* (137 N. Y. 379) it is stated that where the notary relied upon a reputed residence he was required to act from the best information obtained by diligent inquiry. "Merely looking into a directory is not enough. The sources of error in that process are too many and too great. Such books are accurate enough in a general way, and convenient as an aid or assistance, but they are private ventures, created by irresponsible parties and depending upon information gathered as cheaply as possible and by unknown agents. Their help may be invoked, but, as was said in *Lawrence* v. *Miller* (16 N. Y. 231), their error may excuse the notary, but will not charge the defendant. Merely consulting them should not be deemed ' the best information obtained by diligent inquiry.'" (Citing *Greenwich Bank* v. *De Groot*, 7 Hun, 210; *Baer* v. *Leppert*, 12 id. 516.) It is also said that those cases differ somewhat in their facts, but clearly indicate that bare reliance upon a directory is not sufficient diligence, and that should certainly be the rule upon facts such as are disclosed in the present case.

We think the notice of protest was insufficient, and for that reason the judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

RUMSEY and MCLAUGHLIN, JJ., concurred; VAN BRUNT, P. J., and INGRAHAM, J., concurred in result.

Judgment reversed, new trial ordered, costs to appellant to abide event.