CUMING v. RODERICK et al.

(Supreme Court, Appellate Division, First Department.  June 30, 1899.)

NOTE—SUFFICIENCY OF NOTICE OF PROTEST.

> Laws 1857, c. 416 (Neg. Inst. Law 1897) § 3, provides that where there is no indication on a note of the residence of an indorser, and by diligent inquiry he is reputed to reside or have a place of business in the place where the note is payable, notice of protest may be served on him by mailing such notice directed to him at such place. *Held*, that merely looking in a directory, and sending notice by mail to an address there found, which was not the indorser's address, was not diligent inquiry, under the statute, and that a notice so sent, and never received, was not sufficient to charge the indorser.
>
> O'Brien, J., dissenting.

Appeal from special term, New York county.

Action by Mari A. Cuming against George W. Roderick, impleaded with another.  From a judgment dismissing the complaint after trial, plaintiff appeals.  Affirmed.

Argued before RUMSEY, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Alfred B. Cruikshank, for appellant.

George W. Roderick, for respondents.

McLAUGHLIN, J.  This action was brought to recover the amount of a promissory note made by the defendant Carpenter to the order of the plaintiff, and indorsed before delivery by the defendant Roderick. There have been three trials.  On the first trial the complaint was dismissed for insufficiency of proof; but, on appeal from the judgment entered on that dismissal, this court held (16 App. Div. 339, 44 N. Y. Supp. 1033) that there was some evidence to go to the jury of the note having been indorsed by Roderick to give Carpenter, the maker, credit with the payee.  On the second trial the plaintiff had a verdict; but, on appeal from the judgment entered thereon, this court (28 App. Div. 253, 50 N. Y. Supp. 1053), reversed the same, and ordered a new trial, on the ground that the evidence did not justify a finding that the defendant Roderick was served with notice of protest of the note in the manner required by law, and so as to charge him as indorser.  On the third trial the complaint was dismissed, and from the judgment entered the plaintiff has appealed.

The judgment must be affirmed.  The case as now presented is substantially the same as the one presented on the last preceding appeal.  We then held that the notice of protest was not served in the manner required by law, and was insufficient to charge the indorser.  The testimony of the witness Costello, the mail carrier, did not cure the defect there pointed out, and it was insufficient to justify a finding that the notice of protest was in fact received by the

defendant. There were two letter carriers at the time the notice was sent who delivered mail at No. 66 Court street, the place to which the notice was directed, only one of whom was called as a witness. What the other did with mail addressed to defendant at No. 66 Court street was not made to appear. Presumably he left it at that place. The defendant testified that he never received the notice; and, there being no evidence to show that he did, under our former decision (28 App. Div. 253, 50 N. Y. Supp. 1053) the judgment must be affirmed, with costs. All concur, except O'BRIEN, J., dissenting.

O'BRIEN, J. For reasons given in the dissenting opinion (16 App. Div. 344, 44 N. Y. Supp. 1036), I dissent.