(32 Misc. Rep. 594.)

### PHILIP & WILLIAM EBLING BREWING CO. v. REINHEIMER.

(Supreme Court, Trial Term, New York County. October 30, 1900.)

BILLS AND NOTES—INDORSER—NOTICE OF DISHONOR—SUFFICIENCY OF NOTICE.

Laws 1897, c. 612, § 160, provides that, except as therein otherwise provided, an indorser will be discharged by a failure to give notice of dishonor. Section 179 provides that when an indorser has not added his address to his signature the notice of dishonor shall be mailed to the post office nearest his residence, or where he is accustomed to receive his mail, or his place of business. An indorser did not place his address on the instrument, and the notice of dishonor mailed to him was not addressed to the place where he resided or where he did business, but to a place owned by him, and where his sons did business. The indorser swore that he was not accustomed to receive mail at such place, and that he did not receive such notice. *Held*, that the indorser was discharged for want of notice of dishonor.

Action by the Philip & William Ebling Brewing Company against Benjamin Reinheimer to charge defendant as indorser of a note. Judgment for defendant.

Hardiman & McGoldrick, for plaintiff.
Dittenhoefer, Gerber & James, for defendant.

McADAM, J. Section 160 of the negotiable instruments law (Laws 1897, c. 612) provides that:

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or non-payment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom notice is not given is discharged."

In case the notice is mailed, section 179 directs where notice is to be sent:

"Where a party has added an address to his signature, notice of dishonor must be sent to that address; but if he has not given such address then the notice must be sent as follows: (1) Either to the post office nearest to his place of residence or to the post office where he is accustomed to receive his mail; or (2) if he live in one place, and have his place of business in another, notice may be sent to either place; or (3) if he is sojourning in another place, notice may be sent to the place where he is sojourning."

The indorser, Benjamin Reinheimer, did not add any address to his signature. He resided in the borough of Manhattan, so that under the statute a notice of protest mailed to him at that place would have been sufficient. The plaintiff, however, did not so mail the notice, but directed it to the indorser at "No. 74 East Houston Street, New York City," where the indorser did not reside or have a place of business. As a matter of fact, the said Benjamin Reinheimer resided at No. 255 East Seventy-First street, borough of Manhattan, New York City, for several years prior to the maturity of the note in suit, and in that house carried on a real-estate agency. The plaintiff, to sustain the service by mail at No. 74 East Houston street, proved that the indorser owned the house; that his sons, the makers of the note, did business there; that the father visited the place about twice a week; and that his sons resided with him. The father testified that he was not accustomed to receive his mail at the sons' place of business, and that he never received any notice of protest of the note in suit.

No attempt was made to prove that the plaintiff had used any diligence or made any effort to ascertain the place of residence or business of the indorser, which could have been easily discovered; and the question is whether, upon the facts stated, there has been a legal service of the notice of protest. The court feels constrained to find that there has not, and as a consequence the indorser is discharged from all liability upon his conditional contract to pay. By the contract of indorsement the indorser agrees to pay if the maker does not, provided he is promptly notified of the maker's default, that he may at once seek recourse from those primarily liable. This condition is a substantial, and not a formal, part of the contract, and the holder must show its performance before he can recover. If the holder does not know where the indorser lives, but can acquaint himself with the place by reasonable endeavors, he must do so. 1 Pars. Notes & B. 490; Bank v. De Groot, 7 Hun, 210; Manchester v. Van Brunt, 2 Misc. Rep. 228, 22 N. Y. Supp. 362; Brewster v. Shrader, 26 Misc. Rep. 480, 57 N. Y. Supp. 606; Bacon v. Hanna, 137 N. Y. 379, 33 N. E. 303, 20 L. R. A. 495. If the notice had been mailed addressed to the indorser at the "Borough of Manhattan," or even the "City of New York," it might have reached the indorser through the mails in due course; but, as it was addressed to "No. 74 East Houston Street," the post-office department discharged its full duty by leaving it at that place. Under the circumstances, the risk of the mail was upon the holder of the note; and, as the indorser never received the notice of protest, the court must find that no notice was served in any manner that the law sanctions. The question came up in Cuming v. Roderick, 28 App. Div. 253, 50 N. Y. Supp. 1053, in

which the court, referring to a notice of protest mailed to the indorser, said:

"He did have an office in Brooklyn, but it was not at the address to which the notice was directed. If the notary had directed the notice to the indorser at the city of Brooklyn, without limiting or specifying any particular place in that city at which the letter was to be delivered, the notice would have been sufficient. * * * But the notice was expressly limited. It was directed to a particular person at a particular place, and the indication to the postal authorities was that the individual to whom that communication was addressed was to be found at that place. Hence the risk of nondelivery was taken by the sender of the communication, and it is not to be thrown upon the addressee of the notice."

Applying these principles to the case at bar, it follows that there must be judgment in favor of the defendant, Benjamin Reinheimer.