## J. H. MOHLMAN CO. v. McKANE et al.

(Supreme Court, Appellate Division, Second Department. April 26, 1901.)

1. NOTE—INDORSEMENT—CONSIDERATION.

The acceptance of an indorsed note payable at a future date, given for a debt of the maker, was a forbearance of the right to sue the maker until the maturity of the note, constituting a valuable consideration for the indorsement.

2. SAME—NOTICE OF PROTEST.

Negotiable Instrument Law, § 168, provides that notice of protest may be given to the party or to his agent. Sections 175, 179, provide that, where the person giving the notice and the person who receives it reside in different places, it may be sent by mail, and, if the party to receive the notice has added an address to his signature, it must be sent to that address; if not, then to the post office nearest to his place of residence. There was no address added to the indorsement on a note. The notice of protest was mailed to the town where the note was dated, addressed to the indorser, and to one signing the indorsement in the name of the indorser, as her attorney. The note matured in October. Defendant's husband died in September, before which date defendant lived with him at the place to which notice of protest was sent. It did not appear that defendant's residence had changed previous to the time of sending notice. *Held*, that the mailing of the notice was sufficient as a matter of law.

Appeal from trial term, Kings county.

Action by the J. H. Mohlman Company against Fanny McKane and Minnie E. McKane. Judgment for plaintiff, and defendant Fanny McKane appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

George W. Roderick, for appellant.
William O. Miles, for respondent.

GOODRICH, P. J. The action is brought against Fanny McKane, as indorser of a negotiable promissory note made by Minnie E. McKane to the order of the plaintiff, and payable three months after date. The complaint alleges that the indorsement was made for the purpose of procuring the acceptance of the note by the plaintiff, and to enable Fanny to obtain credit from the plaintiff. A bill of particulars shows that the plaintiff in February, 1897, sold to Minnie merchandise amounting to $47.07. In May she gave an order to the plaintiff for other merchandise, but the order was "held up" until Fanny should guaranty the purchase, and give a statement of her pecuniary responsibility. This statement was given to the plaintiff on May 29th, and reads as follows:

"New York, May 29th, 1897.

"I herewith submit a statement of my affairs to J. H. Mohlman Co. to induce them to accept my guaranty for 500 and 00/100 dollars, and my indorsements on notes for goods furnished to my son as manager.

Real estate ............................................................ $80,000
Mortgaged ............................................................ 16,000
Liabilities (including indorsed notes)........................... 2,000

"Fanny McKane."

Subsequently, the plaintiff delivered merchandise amounting to $399.15, making a total of $447.72. On July 6, 1899, the note in suit

was given for the whole bill, credit having been allowed for payments amounting to $44.01. The defendant contends that there was no consideration for her indorsement of the note. The acceptance of the note, payable at a future date, was a forbearance of the right to sue the maker until the maturity of the note, and this constitutes value. Section 51 of the negotiable instruments law (chapter 612, Laws 1897) says: "Value is any consideration sufficient to support a simple contract. Any antecedent or pre-existing debt constitutes value." Receiving a note as security for a debt or forbearance to sue upon a present claim or debt constitutes a consideration for the note. 1 Daniel, Neg. Inst. (4th Ed.) § 183; 4 Am. & Eng. Enc. Law, p. 188; Howe v. Taggart, 133 Mass. 284; Bank v. Place, 86 N. Y. 444.

The defendant also denies that the note was duly protested. She annexed to her answer an affidavit, pursuant to section 923 of the Code of Civil Procedure, that she did not receive any notice of protest. Section 168 of the negotiable instruments law provides that notice of protest may be given to the party "or to his agent in that behalf." Sections 175 and 179 provide that, where the person giving the notice and the person to receive it reside in different places, it may be sent by mail, and, if the party to receive the notice has "added an address to his signature," the notice must be sent to that address, but, if not, then to the post office nearest to his place of residence, or to the post office where he is accustomed to receive his letters. There was no address added to the defendant's indorsement. The notary mailed notice of protest to Fanny and to John. Y. McKane, attorney, at Sheepshead Bay. The note was dated at Sheepshead Bay, and was indorsed by the defendant "Fanny McKane," and there was another indorsement, "Fanny McKane, per John Y. McKane, Atty." It matured October 6, 1899. John Y. McKane, the defendant's husband, died September 5, 1899, before which date the defendant lived with him at Sheepshead Bay. After his death—but how long after is not stated—she moved from Sheepshead Bay. As it did not appear that the defendant's residence was changed previously to the time of sending the notice, it was to be assumed that there had been no change of residence up to that time, and consequently the mailing of notice to Sheepshead Bay was sufficient as matter of law.

The exceptions should be overruled, and judgment ordered for the plaintiff, with costs. All concur.