SECOND DEPARTMENT, APRIL TERM, 1901. [Vol. 60.

J. H. MOHLMAN COMPANY, Plaintiff, *v.* FANNY McKANE, Defendant, Impleaded with MINNIE E. McKANE.

*Acceptance of a note for a debt — it postpones the right to sue for the debt — it is a valid consideration — notice of protest, when sufficient.*

The acceptance of a note payable at a future date, for goods sold and delivered to the maker, operates as a forbearance of the right to sue the maker until the maturity of the note, and constitutes a consideration for an indorsement of the note made for the purpose of procuring its acceptance.

Where such a note was dated at Sheepshead Bay and was indorsed "Fanny McKane," and also "Fanny McKane, per John Y. McKane, atty.," no address being added to such indorsements, notices of protest mailed to Fanny McKane and to John Y. McKane, atty., at Sheepshead Bay, are sufficient to charge Fanny McKane, although it appears that John Y. McKane, the husband of Fanny McKane, with whom she lived at Sheepshead Bay, died about a month before the maturity of the note, it not appearing that Fanny McKane had changed her residence previous to the time of sending the notice of protest.

MOTION by the defendant, Fanny McKane, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance after a trial at the Kings County Trial Term.

*William O. Miles*, for the plaintiff.

*George W. Roderick*, for the defendant.

GOODRICH, P. J.:

The action is brought against Fanny McKane, as indorser of a negotiable promissory note made by Minnie E. McKane to the order of the plaintiff and payable three months after date. The complaint alleges that the indorsement was made for the purpose of procuring the acceptance of the note by the plaintiff and to enable Minnie to obtain credit from the plaintiff. A bill of particulars shows that the plaintiff, in February, 1897, sold to Minnie merchandise amounting to forty-seven dollars and seven cents. In May she gave an order to the plaintiff for other merchandise, but the order was "held up" until Fanny should guarantee the purchase and give a statement of her pecuniary responsibility. This statement was given to the plaintiff on May twenty-ninth and reads as follows :

"NEW YORK, *May 29th,* 1897.

"I herewith submit a statement of my affairs to J. H. Mohlman Co. to induce them to accept my guarantee for 500 and 00/100 dollars and my endorsements on notes for goods furnished to my son as manager.

"Real estate.......  ...........................  $80,000
"Mortgaged  ..............................  16,000
"Liabilities (including endorsed notes)..........  2,000

"FANNY McKANE."

Subsequently the plaintiff delivered merchandise, amounting to $399.15, making a total of $447.72. On July 6, 1899, the note in suit was given for the whole bill, credit having been allowed for payments amounting to $44.01.

The defendant contends that there was no consideration for her indorsement of the note. The acceptance of the note, payable at a future date, was a forbearance of the right to sue the maker until the maturity of the note, and this constitutes value.

Section 51 of the Negotiable Instruments Law (Laws of 1897, chap. 612) says: "Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value."

Receiving a note as security for a debt or forbearance to sue upon a present claim or debt constitutes a consideration for the note. (1 Dan. Neg. Inst. [4th ed.] § 183; 4 Am. & Eng. Ency. of Law [2d ed.], 188; *Howe* v. *Taggart,* 133 Mass. 284; *National Bank of Gloversville* v. *Place,* 86 N. Y. 444.)

The defendant also denies that the note was duly protested. She annexed to her answer an affidavit, pursuant to section 923 of the Code of Civil Procedure, that she did not receive any notice of protest. Section 168 of the Negotiable Instruments Law provides that notice of protest may be given to the party, "or to his agent in that behalf." Sections 175 and 179 provide that where the person giving the notice and the person to receive it reside in different places it may be sent by mail, and if the party to receive the notice has "added an address to his signature" the notice must be sent to that address, but, if not, then to the post office nearest to his place of residence or to the post office where he is accustomed to receive his

letters. There was no address added to the defendant's indorse-
ment. The notary mailed notice of protest to Fanny and to John
Y. McKane, attorney, at Sheepshead Bay. The note was dated at
Sheepshead Bay and was indorsed by the defendant "Fanny
McKane," and there was another indorsement, "Fanny McKane,
per John Y. McKane, atty." It matured October 6, 1899. John
Y. McKane, the defendant's husband, died September 5, 1899,
before which date the defendant lived with him at Sheepshead Bay.
After his death, but how long after is not stated, she moved from
Sheepshead Bay. As it did not appear that the defendant's resi-
dence was changed previously to the time of sending the notice it
was to be assumed that there had been no change of residence up
to that time, and consequently the mailing of notice to Sheepshead
Bay was sufficient as matter of law.

The exceptions should be overruled and judgment ordered for the
plaintiff.

All concurred.

Exceptions overruled and judgment directed for the plaintiff, with
costs.