FONSECA et al. v. HARTMAN.

(Supreme Court, Appellate Term.　June 22, 1903.)

1. BILLS AND NOTES—PROTEST—NOTICE—RESIDENCE OF INDORSER—DUTY TO ASCERTAIN.

Where the holder of a note does not know where the indorser lives, but can ascertain by reasonable endeavor, in order to hold him liable he must do so.

2. SAME—INABILITY TO ASCERTAIN—REASONABLE DILIGENCE.

By the express provisions of Laws 1897, p. 742, c. 612, § 183, notice of dishonor is dispensed with when, after the exercise of reasonable diligence, it cannot be given to, or does not reach, the parties sought to be charged.

3. SAME—NOTICE—ADDRESS—SUFFICIENCY.

Under Laws 1897, p. 739, c. 612, § 160, providing that, to hold the indorser, notice of protest must be sent to him, and section 179, providing that, where the address of the indorser is not added to his signature, notice must be sent either to the post office nearest his place of residence or to the post office where he is accustomed to receive his letters, or, if he lives in one place and has his place of business in another, notice may be sent to either, or, if he is sojourning in another place, notice may be sent there, a notice of protest, addressed merely "C. H., N. Y.," is insufficient, where there is no evidence that the indorser lived, ever had lived, or was sojourning in New York, and no inquiry was made to ascertain whether such was the fact.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Joshua Fonseca and another against Clarence Hartman. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Stern, Singer & Barr, for appellant.
Mandelbaum Bros., for respondents.

GILDERSLEEVE, J.　The defendant is sued as indorser of a promissory note. Judgment was given for plaintiffs. Defendant bases his appeal on the ground that he never received notice of protest. The notice of protest was sent by mail to "Clarence Hartman, New York City, New York." There is no evidence that he lived in New York. His address was not added to his signature on the note. To hold the indorser, notice of protest must be sent to such indorser. Laws 1897, p. 739, c. 612, § 160. The statute above cited, in section 179, provides that:

"Where a party has added an address to his signature, notice of dishonor must be sent to that address; but if he has not given such address, then the notice must be sent as follows: (1) Either to the post office nearest to his place of residence or to the post office where he is accustomed to receive his letters; or (2) if he lives in one place and has his place of business in another, notice may be sent to either place, or (3) if he is sojourning in another place, notice may be sent to the place where he is sojourning. But where the notice is actually received by the party within the time specified in this act, it will be sufficient, though not sent in accordance with the requirements of this section."

¶ 1. See Bills and Notes, vol. 7, Cent. Dig. § 1030.

The defendant swears he never received the notice. If the holder of the note does not know where the indorser lives, but can acquaint himself with the place by a reasonable endeavor, he must do so. Brewing Co. v. Reinheimer, 32 Misc. Rep. 595, 66 N. Y. Supp. 458. The statute itself, in section 183, provides that "notice of dishonor is dispensed with, when, after the exercise of reasonable diligence, it cannot be given to, or does not reach, the parties sought to be charged." In the case at bar there is no evidence that the least effort was made to ascertain defendant's address. In the case of Bacon v. Hanna, 137 N. Y. 382, 33 N. E. 303, 20 L. R. A. 495, it was held that looking for the address in the directory was not sufficiently diligent inquiry. But in the case at bar there is nothing to indicate that even that trouble was taken to ascertain defendant's address. As was said by Mr. Justice Barrett in the case of University Press v. Williams, 48 App. Div. 189, 62 N. Y. Supp. 986, the notary seems to have "simply mailed notice of dishonor to him at haphazard, and neither of these notices was addressed, as we have seen, to his residence or place of business." Plaintiffs received notice of the protest, but took no steps to have the notice sent to defendant. The notary's clerk sent it, as we have seen, simply to "Clarence Hartman, New York City, New York," without, apparently, having made the least inquiry to ascertain if defendant lived, or ever had lived, or was sojourning in this city. The case of Mohlman Co. v. McKane, 60 App. Div. 546, 69 N. Y. Supp. 1046, does not apply here. There it was affirmatively shown that defendant had resided at Sheepshead Bay, and the court held that, in the absence of any proof to the contrary, the presumption was that there had been no change of address up to the time of sending the notice. But in the case at bar there is no evidence, as we have already intimated, that defendant lived, or ever had lived, in this city, or was sojourning therein.

For the reasons above indicated, the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.