## McGRATH v. FRANCOLINI et al.

(Supreme Court, Trial Term, New York County. April 22, 1915.)

BILLS AND NOTES ☞415—NOTICE TO INDORSER—STATUTE.

Negotiable Instruments Act (Consol. Laws, c. 38) § 179, subd. 1, providing that where the indorser has not added his address to his signature, the notice of presentment and nonpayment must be sent to the post office nearest to his place of residence or to the post office where he is accustomed to receive his letters, is mandatory, and a notice to an indorser who had not added his address, mailed to him addressed "New York City," that being the post office nearest his residence, was sufficient, as the holder was not required to go further and attempt to add a particular address and take the risk of its being wrong and without the protection of the statute; and, under section 176, such notice was sufficient, though not received by the indorser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1156–1163; Dec. Dig. ☞415.]

Action by John M. McGrath against Mathilda Francolini, Emil Mayer, and others. Verdict directed for plaintiff against defendant Mayer.

See, also, 156 N. Y. Supp. 981.

Parson, Closson & McIlvaine, of New York City, for plaintiff.
Lindsay, Kalish & Palmer, of New York City, for defendants.

ERLANGER, J. If the defendant indorser's liability depended upon facts showing diligence to discover his actual address for the mailing of notice of presentment and nonpayment, I should hold that he was entitled to judgment. It is apparent that very slight inquiry would have disclosed his address if the bank's agents had resorted to the telephone directory, as it is testified by them that they did, but the measure of duty is defined by the statute (Neg. Inst. Law, § 179, subd. 1), and there was full compliance with the law. This defendant resided in the city of New York, and did not add his street address to his indorsement. Under these circumstances the method of giving notice to him was to be looked·for in the statute, and all necessary steps to charge him as indorser were taken when the notice was mailed to "Emil Mayer, New York City." Du Pont Co. v. Rooney, 63 Misc. Rep. 344, 346, 117 N. Y. Supp. 220; Ebling Brewing Co. v. Reinheimer, 32 Misc. Rep. 594, 66 N. Y. Supp. 458; Webber v. Gotthold, 8 Misc. Rep. 503, 28 N. Y. Supp. 763. The statute is mandatory. It provides that where the indorser has not added his address to his signature, the notice "must" be sent to the post office nearest to his place of residence or to the post office where he is accustomed to receive his letters. In such a case the burden is on the holder of the note to discover the "place of residence" and to send the notice to the nearest post office. This appears to be the measure of "diligence" required by law (Cuming v. Roderick, 28 App. Div. 253, 256, 50 N. Y. Supp. 1053), but if the holder goes further and attempts to add a particular address, he takes the risk that the address so chosen may be wrong, in which event the statute gives

him no protection (Du Pont Co. v. Rooney, supra; Cuming v. Roderick, supra). An indorser who has not designated his address at the time of his indorsement cannot justly demand that this additional risk of selecting the correct address be voluntarily assumed by the holder. The statute declares the latter's duty, while affording the indorser ample means of protection. If he omits to avail himself of that protection, the omission cannot well be remedied by an attempt to enlarge the holder's duties beyond the plain meaning of the law. Where the notice has been mailed, as required by the statute, the liability of the indorser becomes fixed, although the notice may not be received by him. Neg. Inst. Law, § 176.

The plaintiff's case has been established by acceptable proof of the mailing of notice, addressed to the indorser in form as prescribed by law, and I must hold, therefore, that the plaintiff is entitled to the direction of a verdict as against the defendant Mayer.