Louis Solomon et al., Doing Business as National Sales Company, Respondents, v. Family Food Thrift Club, Inc., et al., Appellants, et al., Defendant.

Fourth Department, November 14, 1956.

508

■■■■■■■■■■■■

*Samuel Chikovsky* for appellants.

*Victor Salitan* for respondents.

*Per Curiam.* Both defendants have appealed from a judgment against them in favor of the plaintiffs based on the unpaid balance of a promissory note made by the defendant Family Food Thrift Club, Inc. and indorsed by the defendant Pheterson. It is undisputed that the note was duly presented and was dishonored and that there is a balance unpaid.

As to the defendant Pheterson, the really serious question is whether he was given the notice of dishonor which he was entitled to receive as a prerequisite to the establishment of his liability as an indorser. If he did not receive due and proper notice, he was discharged. If he did, he is liable. (Negotiable Instruments Law, § 160.)

Plaintiffs sought to prove such notice by introducing into evidence what appears to be a memorandum relating to notice of dishonor made by the Union Trust Company of Rochester. Possibly this is a copy of a notice which was sent but the record is silent on that point. Actually there was no proof to support the document or any action taken in relation thereto, the plaintiffs claiming that the exhibit was introduced under section 368 of the Civil Practice Act and that they were entitled to the benefit of the presumptions afforded by compliance with that section.

That section, so far as pertinent, provides: " The certificate of a notary public of the state, under his hand and seal of office, of the presentment by him for * * * payment, or

of the protest, for   *   *   *   non-payment of a promissory note *   *   *   or of the service of notice thereof on a party to the note   *   *   *   specifying the mode of giving the notice, the reputed place of residence of the party to whom it was given, and the post-office nearest thereto; is presumptive evidence of the facts certified ''.

This section thus provides for a statutory method of proof which is in variance with common law and one who seeks to obtain the benefits of the presumptions specified in the section must substantially comply with its essential elements. (3 Bender's New York Practice, p. 221; *Townsend* v. *Auld,* 10 Misc. 343; *Mohlman Co.* v. *McKane,* 60 App. Div. 546.)

The exhibit in question does not purport to be a certificate of a notary, it bears no notary's seal, it does not certify presentment, nonpayment or notice of protest or dishonor; it does not comply with the standards of the section as to service of notice; in fact, as we have said, it appears, at best, to be a copy of a notice which may or may not have been given in accordance with sections 167, 173 and 174 of the Negotiable Instruments Law.

We conclude, therefore, that the proof falls far short of showing compliance with the section in question, and therefore there are no presumptions of fact afforded plaintiffs under that section. As there was a complete absence of any other proof of notice of dishonor, there was no case made out against Pheterson for submission to the jury and the verdict against him should be set aside and a new trial granted.

As to the appeal of defendant Family Food Thrift Club, Inc., we find no error in the refusal of the Trial Judge to submit to the jury that portion of the alleged counterclaim which was dismissed and the judgment against that defendant is well founded and should be affirmed.

All concur. Present — McCurn, P. J., Kimball, Wheeler, Williams and Bastow, JJ.

Judgment and order reversed on the law and facts as to defendant Irving Pheterson and a new trial granted, with costs to the appellant to abide the event; judgment and order affirmed, with costs as to defendant Family Food Thrift Club, Inc.