R. CORNELL WHITE, Respondent, *v.* THE OLD DOMINION STEAMSHIP COMPANY, Appellant.

*It seems* that proof of the admission, by one of the parties to an action, of a distinct fact which in itself tends to establish a cause of action or defense, is not rendered inadmissible because made during negotiations relating to a compromise, unless it is expressly stated to be made without prejudice ; but if the admission is of such a nature that the court can see it would not have been made except for the purpose of the negotiations and under an agreement fairly to be implied from the circumstances, that it was not to be used to the prejudice of the party making it, it is not error to exclude the evidence.

The repetition, under objection, of improper evidence already in the case unobjected to, is not an error authorizing a reversal.

(Argued March 16, 1886 ; decided April 13, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 12, 1884, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for alleged negligence on the part of defendant in the performance of a contract to tow the hull of the steamboat *Rockaway* from Norfolk to New York.

The argument in the case was mainly upon the facts. As to them the court say :

" The claim is made by the appellant, that as to several of the issues involved in the merits of the dispute, questions of law are presented by undisputed evidence in the case ; but we are of the opinion, after a careful reading of the whole case, that this claim is unfounded and that every such question presented upon the appellant's points was one of fact upon which the evidence was contradictory. It would be quite a vain and unprofitable task to enter into what must necessarily be, if attempted, a lengthy discussion of the facts in the case and which must necessarily terminate in the proposition that such questions were exclusively for the consideration of the jury and exempted thereby from review in this court."

The opinion then continues as follows :

" There are, however, several questions relating to exceptions taken to the admission and exclusion of evidence on the trial which have been the subject of some discussion in our consultations and to which we deem it profitable briefly to refer.

" The first of these is an exception to the exclusion by the court of an offer to prove certain facts upon the cross-examination of the plaintiff by defendant's counsel which was rejected by the trial court upon the ground that it called for proof of an admission drawn from the party during a negotiation for a settlement of the controversy and was, therefore, inadmissible. The offer was as follows ; that the plaintiff ' stated that he saw the customary signals up before the *Rockaway* was taken in tow, but that he considered it a matter of no consequence because he had seen them up repeatedly before when no storm followed.'

" One of the acts of negligence on the part of the defendant which the plaintiff claimed authorized a recovery of the damages occasioned to him by the loss of the *Rockaway* was that of going to sea in the face of an easterly storm after notice thereof by the cautionary signals and we have no means of determining the fact whether the jury did not base their verdict to some extent upon this act of negligence rather than others claimed to be proved. It is true that but little stress was laid upon this act in the course of the trial and but little time was

taken in the examination of witnesses upon it, but still the fact remains that the question was in the case, was left to the jury by the court, and might have been the basis of their verdict. When, however, this evidence was offered it appeared in testimony that the plaintiff had already sworn to the fact that he did see the cautionary signals before the *Rockaway* was taken in tow, and so far as any material fact is embraced in the offer it was to prove an admitted fact and was, therefore, immaterial.

" It also appeared that the alleged admission was made during the course of a negotiation for a settlement to which the plaintiff had been invited by the defendant's board of directors.

" We are of the opinion that the character and substance of the things offered to be proved did not bring them within the exceptions to the rule excluding such admissions. There is no doubt but that the rule is well established in this country that the admission of a distinct fact which in itself tends to establish a cause of action or defense, is not rendered inadmissible from the circumstance that it was made during discussion relating to a compromise, unless it is expressly stated to be made without prejudice ; but if the admission is of such a nature as that the court can see it would not have been made except for the purpose of producing the objects of the negotiation, and under an agreement that could fairly be implied from the circumstances that it was not to be used afterward to his prejudice, it is not error for the court to exclude the evidence. The rule referred to is founded upon public policy, and with a view of encouraging and facilitating the settlement of legal controversies by compromise, which object is supposed to be obstructed by the fear entertained by litigants that such a negotiation may be converted into a trap to inveigle the unwary into hazardous admissions. The law, therefore, excludes such admissions as appear to have been made tentatively or hypothetically, but admits those only which concede the existence of a fact. Stephens on Evidence states the rule to be that they are inadmissible "if made under circumstances from which the judge infers that the parties agreed together that evidence of it should not be given." (Page 52.) Wharton's most recent work on Evidence says : " An implied admission of lia-

bility, made a part of the negotiations for a compromise, expressly for the purpose of peace (whether such admission be made under the technical proviso without prejudice or not), will not be received in evidence against the party making it, when its object was merely to suggest a scheme of settlement." (§ 1082.) In *Mead* v. *Degolyer* (16 Wend. 632, 638), it was held that an admission by the defendant to a person employed to draw up an account between the parties with a view to settlement, that "he had agreed to pay the plaintiff $11 per one thousand feet if he would deliver all the timber originally contracted for," was made for the purpose of effecting a settlement and inadmissible, COWEN, J., delivering a learned dissenting opinion, which was quoted from in appellant's brief. In *Hartford Bridge Co.* v. *Granger* (4 Conn. 142), HOSMER, Ch. J., says : ".The question to be considered is what was the view and intention of the party in making the admission, whether it was to concede a fact hypothetically in order to effect a settlement or declare a fact really to exist."

The reason why the admission of a special fact in the course of a compromise negotiation is allowed to be proved rests upon the obvious grounds of the improbability of a party admitting a fact going to his prejudice, intentially or hypothetically, unless it really existed, but as to mere opinions and loose expressions indicating the opinion of the party as to liability or exemption therefrom, they seem to come within the reasons of the rule excluding such admissions. The admission received in *Marvin* v. *Richmond* (3 Denio, 58), was that of the plaintiff in the action made upon an application by the defendant for terms of settlement. The plaintiff immediately refused to settle, saying substantially that he had no interest in the controversy and would have nothing to do about a settlement. It is quite clear that such a declaration made at such a time was not induced under the expectation that it was protected by the fact that negotiations for a compromise were pending, and that the declaration was competent for the reason that no negotiations for a settlement were in fact being prosecuted. The learned judge writing in that case gives illustrations of the character of admissions which are not protected by the rule, such as the admission of a particular item in an account con-

sisting of a number of items. If this case is authority at all
upon the question, it cannot extend further than to allow proof
of the admission of a specific fact made during compromise
negotiations. In *Moore* v. *Hitchcock* (4 Wend. 292, 298), an ad-
mission by a party that a certain item of account which he had
never legally assumed to pay was properly charged against him
was held to be the admission of a right and not of a fact, and
not to bind the party making it. (See, also, *Murray* v. *Coster,*
4 Cow. 635.)

" In this case the rejected proof was as to the opinion enter-
tained by the plaintiff of the validity of one of the grounds of
negligence alleged by him, and it might very well be that for
the purpose of establishing a basis upon which to commence or
continue the discussion of the terms of a compromise he should
be willing to narrow the points for consideration or argument
by tentative admissions as to the theory of the claimed liability.
We think that it was no error for the trial judge to hold, under
the circumstances of this case, that the admission in question
was made under an implied agreement that it was not there-
after to be used against him.

" It is further urged by the appellant that it was error to allow
the declaration of Captain Couch, made after the loss of the
*Rockaway*, as to the cause of such loss to be given in evidence.
There is no sufficient objection to such evidence. Similar evi-
dence to that complained of had already been given by the
witnesses before any objection was attempted to be made.
Subsequently, when the witness was asked ' What occurred
after the loss?' a general objection of incompetency and im-
materiality was made and an exception taken to the ruling ad-
mitting the question. Some unimportant testimony was then
given in answer to this question, when the plaintiff's counsel
again asked, ' What about going into the Delaware?' No ob-
jection was made to the inquiry, and the witness then repeated
what he had before testified to without objection on this sub-
ject. Even if the objection had been properly made the repe-
tition of evidence already in the case unobjected to would
not have prejudiced the right of the defendant or affected the
result.

" Many other questions are raised by the appellants as to the admissibility and exclusion of evidence and upon the instructions of the court, but we think, so far as there is any importance in them, they have been sufficiently and satisfactorily answered in the very careful, learned and exhaustive opinion delivered in the court below, and need no further discussion by us.

".The judgment should be affirmed."

*R. D. Benedict* and *Frank D. Sturges* for appellant.

*Luther R. Marsh* for respondent.

RUGER, Ch. J., reads for affirmance.
All concur.
Judgment affirmed