## HOWARD v. VAN GIESON.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. PROMISSORY NOTE—INDORSEMENT BEFORE DELIVERY—PRESUMPTION.

In the absence of proof that the indorser of a note before delivery intended to become surety for the maker, he is presumed to be a subsequent indorser, and is not liable to the payee thereon.

2. SAME—NOTICE OF PROTEST.

A note was left at a bank for collection. At the same time the holder left with it the indorser's card, with his address thereon, and informed the bank that that was the name and address of the indorser. When the note was protested, notice thereof was not sent to the indorser, but to another name, resulting from an erroneous reading of his signature, and it was

not directed to the address given by the holder, but to the holder's address, and, he being absent at the time, it was never forwarded. *Held* insufficient to charge the indorser.

Appeal from trial term, New York county.

Action by Robert S. Howard against Ira Van Gieson. From an order setting aside a verdict for plaintiff, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William B. Ellison, for appellant.
John L. Linehan, for respondent.

McLAUGHLIN, J. This action was brought to recover the sum of $1,650, the amount of a promissory note made by one Walter B. Starbird, and alleged to have been indorsed by the defendant. The note read as follows:

"$1,650 00/100.                                    New York, Jan'y 5, 1898.

"On or before April 5th, 1898, after date, I promise to pay to the order of R. S. Howard sixteen hundred and fifty dollars, at office of Starbird Manf'g Co., No. 1133 B'way, N. Y. Value received, with interest at 6% from date.

"No. 3.   Due April 5, 1898.                         W. B. Starbird."

The complaint alleged that Starbird delivered the note to Van Gieson, who, for the purpose of giving the maker credit with the plaintiff, and inducing him to loan and advance to Starbird the sum of money therein mentioned, indorsed and delivered the same, before maturity, to the plaintiff. The answer denied that the defendant indorsed the note as the surety for the maker, or for the purpose of giving him credit, and alleged that the defendant's signature was procured by fraud and misrepresentation, and that the defendant never agreed to become the guarantor of the payment of the note to the plaintiff, and also alleged that the note had never been duly protested. Upon the trial, the testimony of the plaintiff was to the effect that at the time the note was delivered to him the indorsement of the defendant was upon it; that, before he would consent to accept the note, he required from the maker such indorsement; that he never had any conversation with the defendant, either prior to, or at the time of, the delivery of the note. The testimony of the defendant on this branch of the case was to the effect that he had a conversation with the plaintiff and the maker of the note as to his indorsement and liability thereunder, and that the plaintiff agreed that, if the defendant would indorse the note, he should not be liable to him by reason thereof. This being the condition of the testimony at the close of the trial, the defendant's motion for a dismissal of the complaint should have been granted. The rule is well settled that where one indorses a promissory note, payable to another or order, prior to its delivery to the payee (as in this case), in the absence of proof that he indorsed with intent to become surety for the maker to the payee, the legal presumption is that he stands in the position of subsequent indorser, and the payee can neither maintain an action upon the indorsement, nor can he transfer a right of action thereon to a purchaser with notice, except upon assuming

the responsibility of first indorser. Phelps v. Vischer, 50 N. Y. 69. The legal presumption is that one who has indorsed a promissory note in blank, before delivery to the payee, intends to become liable simply as second indorser, and on the note itself, without explanation, he is to be regarded as second indorser, and not liable to the payee. Coulter v. Richmond, 59 N. Y. 478. Here the plaintiff himself testified that, prior to the receipt of the note from the maker, he had never seen or talked with the defendant, and the defendant testified that it was distinctly understood he should not become liable upon the note. Therefore, under the decisions cited, the complaint should have been dismissed.

The complaint should also have been dismissed under the testimony offered, on the ground that notice of protest was never given to defendant. The evidence of the plaintiff upon this subject was to the effect that, at or about the time the note was delivered to him, he left it with the Bank of Metropolis for collection, and at the same time left with the bank the defendant's card, with his address, and informed the bank that that was the name and address of the indorser. When the note became due and was not paid, the same was protested, and notice of protest sent, not to Ira Van Gieson, but to Warren Gilson, directed to him, not at the address given by the plaintiff, but in care of the plaintiff, at 110 Fifth avenue, New York. The plaintiff was absent at the time the notice was sent to him, and the same was never forwarded to the defendant. Warren Gilson was an erroneous reading of the signature of the defendant's name. The bank had in its possession information as to his correct name and correct address. We do not think, under such circumstances, it can be said that the note was properly protested. Cuming v. Roderick, 28 App. Div. 253, 50 N. Y. Supp. 1053.

Upon both grounds, therefore, we think the order must be affirmed, with costs. All concur.