## STATE BANK v. SOLOMAN.

(Supreme Court, Appellate Term. November 18, 1903.)

**1. NEGOTIABLE INSTRUMENTS—NOTICE OF DISHONOR—MAILING.**

Under the express provision of Negotiable Instruments Law, § 176 (Laws 1897, p. 741, c. 612), where notice of dishonor of a note is duly addressed and deposited in the post office, the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails.

Appeal from City Court of New York.

Action by the State Bank against Sam Soloman. From a judgment in favor of the defendant and an order denying a new trial, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Julius J. & A. Lyons, for appellant.

Benjamin N. Cardoza and Edward Miehling, for respondent.

FREEDMAN, P. J. This action was upon a promissory note, and the only issue litigated at the trial was whether or not notice of the dishonor of the note was given and received. Proof that such notice was duly addressed and deposited in the post office in a postpaid wrapper was adduced by the plaintiff. The court charged the jury that the only question for them to decide was whether the defendant received notice of the presentation and protest of the note. "If he did," said the court, "your verdict will be in favor of the plaintiff; otherwise it will be in favor of the defendant. It is the duty of the plaintiff to establish by the weight and preponderance of evidence that a notice of presentation and protest of this note was served upon the defendant in this action." The plaintiff's counsel thereupon asked the court to charge the jury "that it is not necessary for an indorser to receive a notice of protest. The mere deposit of a notice in a postpaid wrapper in the post office of New York City is sufficient." To this request the court responded: "It is not sufficient. It is prima facie evidence of the facts stated by the witnesses." To this ruling the plaintiff's counsel duly excepted. The jury rendered a verdict in favor of the defendant, and the plaintiff now appeals.

This ruling of the court was in direct conflict with section 176 of the Negotiable Instruments Law (Laws 1897, p. 741, c. 612). That section provides: "Where notice of dishonor is duly addressed and deposited in the post office, the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails." The testimony of the plaintiff's witnesses as to the addressing, mailing, etc., of the notice was undisputed. If the jury believed that testimony, whether the defendant received such notice is not material. The court should have so charged. To refuse so to charge constituted reversible error, for which a new trial must be granted.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.