(56 Misc. Rep. 681.)

### SIEGEL et al. v. DUBINSKY et al.

(Supreme Court, Appellate Term.  November 14, 1907.)

1. COURTS—MUNICIPAL COURTS—APPEAL—RECORD—EVIDENCE—DOCUMENTS.

In an action in the Municipal Court on a note against the maker and indorser, plaintiffs offered in evidence the note and rested, whereupon the indorser moved to dismiss on the ground that plaintiffs had failed to prove notice of protest to the indorser, which motion was denied.  In the record on appeal by the indorser there was a notice of protest issued by a notary public in due form, and on the back of the same appeared "Plffs Ex. 1," with initials.  There was nothing in the minutes to show that the exhibit marked as evidence was introduced.  *Held*, that the notice of protest so marked would not be held to be a part of the record, furnishing proof that notice of protest was duly given the indorser.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2318.]

2. BILLS AND NOTES—EVIDENCE—NOTICE OF PROTEST.

Failure to prove notice of protest to an indorser is fatal to recovery against the indorser.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 996–1050.]

3. SAME—NOTICE OF PROTEST—DILIGENCE IN SERVICE.

Under the express provisions of Negotiable Instruments Law, Laws 1897, p. 741, c. 612, § 174, if notice of protest is given by mail, it must be deposited in the post office in time to reach the indorser on the day following, where the parties reside in the same city.

4. SAME—EVIDENCE—PRESUMPTION OF DILIGENCE.

The presumption of due diligence in the service of a notice of protest may be rebutted, whether or not an affidavit has been served under Code Civ. Proc. § 923, providing that unless an indorser, with his answer, or within ten days after the service thereof, serves an affidavit that he has not received notice, the certificate of a notary public of the presentment by him for acceptance or payment, or of the protest for nonacceptance or nonpayment, or of the service of notice thereof, is presumptive evidence of the facts certified.

5. SAME—SUFFICIENCY.

Evidence in an action on a note *held* not to show the giving of notice of protest to an indorser in a manner sufficient to charge her.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 1840–1846.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Jacob Siegel and another against Dora Dubinsky and Morris D. Dubinsky.  Judgment for plaintiffs, and Dora Dubinsky appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Henry M. Flateau, for appellant.

Samuel Fine, for respondents.

PER CURIAM.  This action was brought upon a promissory note made by one Morris Dubinsky to the order of the plaintiff, and indorsed by the defendant Dora Dubinsky.  Dora Dubinsky, the indorser, alone defended.  The complaint alleged the maturing of the note, the presentation for and refusal of payment, the protesting of the

same, and duly giving of notice of protest to the defendant Dora Dubinsky. This allegation was denied, and the issue in the case was solely whether the notice of protest had been properly given. At the opening of the trial the plaintiffs' attorney said:

"The signature of the promissory note is admitted, and I offer the note in evidence and rest. Note marked 'Plaintiffs' Exhibit 1.'"

The defendant thereupon moved to dismiss the complaint upon the ground that the plaintiffs had failed to prove their case, and had failed to prove that notice of protest was duly given to the indorser. This motion was denied, and exception taken thereto by the defendant. It will be seen that, although the attention of the plaintiffs' attorney was specially called to his omission to prove the giving of a notice of protest, he made no effort to supply the defect.

There is in the record a notice of protest, issued by a notary public in due form, etc., and upon the back of the same, written in pencil, appears the words: "Plffs Ex. 1. L. W. H."—and we are asked to hold that this certificate, so marked, is a part of the record, and furnishes the necessary proof showing that a notice of protest was duly given to the defendant. This would be adopting a practice dangerous in the extreme. It is well known that the records from the Municipal Courts are on file in the office of the clerk of the Appellate Term for several days prior to the time of the hearing, and that all interested parties must, in order to ascertain if the same is correct and to prepare for the argument thereon, have access to them during certain hours of each day. Unless, therefore, the minutes taken upon the trial clearly show that exhibits, seemingly properly marked as evidence, are actually offered as such in open court and by the court directed to be so marked, missing links in evidence might be surreptitiously supplied and much evil ensue. We do not wish to be understood as intimating that this was done in the case at bar. On the contrary, we believe that the plaintiffs' attorney inadvertently omitted to formally offer the notice of protest in evidence and have it marked and so appear in the minutes. This omission, however, would warrant the direction of a new trial.

Aside from this, there is another equally fatal defect in the plaintiffs' proof. There is no evidence that a notice of protest was ever sent in any way to the defendant indorser by any person other than the notary. Assuming that his notice of protest is in evidence, that notice simply shows, not that it was mailed by him to any address of the defendant, but was mailed to her in care of the plaintiffs. There is no evidence in the case from which it could be presumed that the defendant was at the plaintiffs' residence or at their address, nor does the notice contain the reputed residence of the defendant. The defendant, it is true, did receive a notice of protest, mailed two days after the note became due and received by her three days thereafter, and any presumption that the notary used due diligence in obtaining the proper address of the defendant and mailing thereto a notice of protest is overcome by this proof. If the plaintiffs, upon receipt from the notary of the notice of protest, promptly mailed it to the defendant, it does not so appear in the testimony. To show due diligence

in mailing a notice of protest, it must be shown that, if service is made by mail, it was deposited in the post office in time to reach the indorser in the usual course on the day following, where the parties reside in the same city. Section 174, Negotiable Instruments Law (Laws 1897, p. 741, c. 612).

The presumption of due diligence may be rebutted, without regard as to whether or not an affidavit under section 923, Code of Civil Procedure, has been served. Meise v. Newman, 76 Hun, 341, 27 N. Y. Supp. 708. That section simply declares that in the absence of an affidavit the notice of protest is presumptive evidence, etc. The testimony, as it is recorded, fails to show the giving of any notice of protest to the defendant in a manner sufficient to make her legally chargeable as an indorser. Doubtless this can be given upon a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.