(63 Misc. Rep. 344.)

### E. I. DUPONT DE NEMOUR POWDER CO. v. ROONEY.

(Supreme Court, Appellate Term. May 27, 1909.)

1. BILLS AND NOTES (§ 498*)—PRESENTATION FOR PAYMENT—PROTEST AND NOTICE TO INDORSER—BURDEN OF PROOF.

Where, in an action by the payee against the indorser of a note, defendant, pursuant to Code Civ. Proc. § 923, within 10 days after joinder of issue, served on plaintiff an original affidavit to the effect that he had not received notice of nonpayment, the burden was on plaintiff to prove by common-law evidence that the note was presented for payment, that it was not paid, that it had been protested for nonpayment, and that due notice of protest and nonpayment was given the indorser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1689; Dec. Dig. § 498.*]

2. BILLS AND NOTES (§ 421*) — NOTICE OF PROTEST TO INDORSER — REQUISITES AND SUFFICIENCY.

Negotiable Instruments Law (Laws 1897, p. 739, c. 610) § 160. provides that, when a negotiable instrument has been dishonored by nonpayment, any indorser to whom notice is not given is discharged. Section 179 provides that, where a party does not give his address, notice must be sent either to the post office nearest to his place of residence or where he is accustomed to receive his letters, or, if he lives in one place and has his place of business in another notice may be sent to either place, or if he is sojourning in another place notice may be sent where he is sojourning. *Held*, that where the payee of a note knew that it was indorsed in New York City, but did not know the indorser's address, and the indorser at his New York address had frequently corresponded with the payee, it would have been sufficient, after inability to ascertain the indorser's residence or place of business by using due diligence, to have addressed the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

notice of protest to him at "New York City"; but merely sending the notice to the indorser in care of the maker, addressed to the maker's residence, was not sufficient, and released the indorser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1178–1187; Dec. Dig. § 421.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by E. I. Dupont De Nemour Powder Company against Robert J. Rooney. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Foley & Martin, for appellant.

Truax & Watson, for respondent.

SEABURY, J. The defendant is sued as indorser of a promissory note made by one Dempsey and payable to the plaintiff. The note was made and indorsed at New York City, and was payable there. Within 10 days after joinder of issue the defendant served on the plaintiff an original affidavit to the effect that he had not received notice of nonpayment of the note. This notice was served pursuant to section 923 of the Code of Civil Procedure.

In view of the service of this notice, the burden was upon the plaintiff to prove by common-law evidence that the note was presented for payment, that it was not paid, that it had been protested for nonpayment, and that due notice of protest and nonpayment was given to the indorser. In this case the plaintiff has recovered a judgment, although it failed to prove any one of these essential facts. All the plaintiff did prove was that he received a notice of the nonpayment of the note, and that he mailed notice of protest and nonpayment to the defendant, in "care of Charles Dempsey, No. 1482 Third avenue, New York City." Not only did the plaintiff fail to prove that the note was presented for payment, and that it was not paid, and that it had been protested for nonpayment, but he offered evidence to show that due notice of protest and nonpayment was not given to the indorser. Section 160 of the negotiable instruments law (Laws 1897, p. 739, c. 612), provides that:

"Except as herein otherwise provided, when a negotiable instrument has been dishonored by nonacceptance or nonpayment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

Section 179 of the same law provides that:

"Where a party has added an address to his signature, notice of dishonor must be sent to that address; but if he has not given such address, then the notice must be sent as follows: (1) Either to the post office nearest to his place of residence, or to the post office where he is accustomed to receive his letters; or (2) if he lives in one place, and have his place of business in another, notice may be sent to either place; or (3) if he is sojourning in another place, notice may be sent to the place where he is so sojourning. But where the notice is actually received by the party within the time specified in this act, it will be sufficient, though not sent in accordance with the requirements of this section."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant did not add his address to his signature upon the note. An agent of the plaintiff testified that he did not know the residence of the defendant, although the evidence shows that the plaintiff did know that the defendant indorsed the note in New York City. The defendant testified that he had been doing business with the plaintiff for 15 years, and that it had frequently corresponded with him at his New York City address. This testimony has not been contradicted.

There is no evidence to show that the plaintiff made any effort to ascertain the defendant's address. The only proof presented is that their agent, not knowing the defendant's address, mailed the notice of protest to the defendant, in the care of the maker of the note, addressed to the residence of the maker. If the plaintiff, after using due diligence, was unable to ascertain the indorser's residence or place of business, I think that, under the circumstances disclosed in this case, the notice would have been sufficient if it had been addressed to the defendant at "New York City." By specifying a particular address, which was not the indorser's residence or place of business, the plaintiff released the indorser. University Press v. Williams, 48 App. Div. 189, 62 N. Y. Supp. 986; Cuming v. Roderick, 28 App. Div. 253, 50 N. Y. Supp. 1053, affirmed 167 N. Y. 571, 60 N. E. 1109.

Merely sending the notice of protest to the indorser, in the care of the maker, addressed to the residence of the maker, was not an adequate substitute for compliance with the statute and the requirement that it should use due diligence to ascertain the proper address of the indorser.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.