UNION BANK OF BROOKLYN v. DESHEL et al.

(Supreme Court, Appellate Division, Second Department. June 17, 1910.)

1. BILLS AND NOTES (§ 510*)—INDORSERS—NONRECEIPT OF NOTICE OF DISHON-
OR—EFFECT.
    While, under Negotiable Instruments Law (Consol. Laws, c. 38) § 176, nonreceipt of a duly mailed notice of dishonor of a note does not discharge an indorser, it may be shown on an issue whether the notice was mailed.
    [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 510.*]

2. EVIDENCE (§ 213*)—ADMISSIBILITY—OFFER OF COMPROMISE.
    On suit against indorsers of a note, a letter by their attorneys to plaintiff's attorney, tendering a check for the sum sued for, less interest and costs, in full settlement, was inadmissible as an admission of liability, being an offer to compromise.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 745; Dec. Dig. § 213.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by the Union Bank of Brooklyn against Jacob Deshel and others. From a judgment for plaintiff, certain defendants appeal. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and BURR, THOMAS, RICH, and CARR, JJ.

Jerome A. Strauss, for appellants.
Charles Burstein, for respondent.

CARR, J. The defendants appeal from a judgment of the Municipal Court entered against them for the sum of $420.79, in an ac-

tion brought to charge them as indorsers of a promissory note made by one Medoff and discounted by the plaintiff. The judgment is attacked upon several grounds, which are based upon a claimed insufficiency of proof at the trial as to the presentment of the note at its maturity and the giving of notice of the dishonor thereof, as well as because of claimed errors of the trial court in the admission and exclusion of certain evidence offered at the trial. The note was payable at the banking office of the plaintiff itself, and no serious question of its presentment at maturity arises upon the proofs. The chief controversy was as to the giving of notice of dishonor or protest. Proof was offered to show a mailing of such notice to the defendant indorsers. The defendants sought to show that no notice of dishonor had ever been received by them. Some of their evidence on this point was admitted, and some excluded, under objection by the plaintiff. The exclusion of this evidence was error; for, while the nonreceipt of the notice, provided it had been duly mailed, would not have exonerated the defendants from liability (Negotiable Instruments Law [Consol. Laws, c. 38] § 176; Requa v. Collins, 51 N. Y. 145), yet proof of the nonreceipt of the notice was competent on the question of whether there had ever been an actual mailing. Such proof would constitute a circumstance in which the proof as to the mailing was to be weighed and considered.

In our opinion, however, a far more serious error crept into the case, which requires a reversal of the judgment. After the plaintiff brought this action, it appears that some conference or negotiation took place between its attorney and the attorneys for the defendants. In consequence thereof, the defendants' attorneys sent a letter to the plaintiff's attorney which reads as follows:

'Union Bank of Bklyn. against J. Deshel et al.

"Dear Sir: Enclosed please find check for $355.59 in full settlement of the above matter, you having agreed to accept the face amount of the complaint. Please be kind enough to mail to us by return mail the note in this case, and also a discontinuance of the proceeding."

Inclosed with this letter was a check of the defendants' attorneys for the amount specified. The check was not accepted, but was returned to its makers. On the trial, the plaintiff offered the letter in evidence, and it was received, over the objection of the defendants, who took an exception to its admission. The plaintiff's theory of the admissibility of this letter is that it was an implied admission of liability on the part of the defendants. The authority of the defendants' attorneys in sending the letter is not disputed. On the face of the letter there is no admission of any fact whatever. It offered to pay the amount stated in the complaint as due on the note, but did not include either the accrued interest or the costs demanded in the complaint. It was, therefore, a tender of less than what was demanded, and truly an offer of compromise or settlement. It is well and long settled that an offer of compromise, which contains no express admission of fact, is not admissible in evidence against the maker, especially after suit is brought. White v. Old Dominion Steamship Co., 102 N. Y. 660,

6 N. E. 289; Smith v. Satterlee, 130 N. Y. 677, 29 N. E. 225; Tennant v. Dudley, 144 N. Y. 504, 39 N. E. 644.

It is sought to take the question in this case outside this general rule by contending that the offer to pay, here shown, was of the amount sued for, and therefore not in compromise; but this cannot be done without ignoring the plain fact that the amount offered was less than the amount sued for, as it did not include interest or costs, and that the offer was made as a consequence of negotiations for a settlement. Nor did the letter in any way, except as an implied admission of liability, contradict any statement of fact testified to by any witness for the defendant. As an implied admission of liability it was clearly not competent proof against the defendants, under the circumstances of this case. The rule excluding such evidence is founded on public policy, which favors attempts at mutual adjustment and settlement as far as possible, without exposing either party to a risk, unless there be an express admission of a fact in issue.

I recommend, therefore, that the judgment of the Municipal Court be reversed, and a new trial ordered; costs to abide the event.

BURR, THOMAS, and RICH, JJ., concur. HIRSCHBERG, P. J., concurs on first ground stated in the opinion.