SMITH v. LEIMAN et al.

(Supreme Court, Appellate Term. March 8, 1912.)

BILLS AND NOTES (§ 498*)—ACTION AGAINST INDORSER—NOTICE OF PROTEST AND NONPAYMENT—BURDEN OF PROOF.

Where an indorser, when sued on a note, filed with his answer an affidavit of no notice of protest or nonpayment, as authorized by Code Civ. Proc. § 923, the burden of proof of nonpayment, and notice of protest duly given, was on plaintiff.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1688–1694; Dec. Dig. § 498.*]

Appeal from City Court of New York, Trial Term.

Action by Moses Smith against Samuel Leiman and others. From a judgment of the New York City Court in favor of plaintiff as against Nathan Messer, and from an order denying his motion for a new trial, defendant Messer appeals. Reversed and remanded.

Argued February term, 1912, before SEABURY, GUY, and BI-JUR, JJ.

Joseph Gans, for appellant.
Samuel S. Breslin, for respondent.

SEABURY, J. Plaintiff sued the defendant Messer as an accommodation indorser of a promissory note made by the defendant Leiman, and recovered judgment for the amount of the note, with interest and costs. Only the defendant Messer appeals to this court. The defendant appellant denied the allegations of the complaint and pleaded several separate defenses. With the answer the appellant served an affidavit that he at no time received any notice of nonpayment or of the protest of the note set forth in the complaint. There was no evidence of the presentation or protest of the note, or that notice of protest was ever served on the defendant appellant. Several serious errors were committed in the trial of the action, which it is not necessary at present to point out. The learned court below charged the jury that the burden of proof was upon the defendant appellant to prove that he did not receive notice of nonpayment or protest of the note. This charge reversed the correct rule of law on the subject. The affidavit which the defendant appellant served with his answer was sanctioned by section 923 of the Code of Civil Procedure. The effect of the service of this affidavit, under the section of the Code referred to, was to place the burden of proof upon the plaintiff to establish by common-law evidence that the note had been protested for nonpayment and that due notice of protest and nonpayment was given to the indorser. Dupont de Nemour Powder Co. v. Rooney, 63 Misc. Rep. 344, 117 N. Y. Supp. 220.

The error in the charge of the court was prejudicial to the defendant, and requires that the judgment should be reversed.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.