CENTURY BANK OF THE CITY OF NEW YORK, Plaintiff, *v.* MAYLICH BREITBART and BERTA BREITBART, Defendants.

(City Court of the City of New York, Trial Term, February, 1915.)

Negotiable instruments — action against maker and indorser of promissory notes — when notice of dishonor never received by indorser — questions arising under Negotiable Instruments Law.

> Where in an action against the maker and indorser of a promissory note the indorser, in addition to an answer which puts in issue the allegation of notice of dishonor, serves and files an affidavit under section 923 of the Code of Civil Procedure denying that she ever received notice that the note was dishonored, and so swears on the witness stand, the *prima facie* force of the notary's certificate of the mailing in the post office of such a notice duly addressed to the indorser is destroyed and the holder of the note is put upon his common law proof of the seasonable mailing of a notice of dishonor duly addressed.
>
> Where the evidence shows that a notice of dishonor of a promissory note, sent to an address other than the one written by the indorser on the note, was never received by the indorser, the notice was not "duly addressed" within the meaning of section 176 of the Negotiable Instruments Law and the indorser is entitled to judgment in her favor.
>
> Except where courts of this state have passed upon the question arising under the Negotiable Instruments Law, decisions of the courts of other states interpreting identical provisions of uniform statutes should be accepted by our trial courts with the same authority as those rendered by our own tribunals.

ACTION against the maker and indorser of a promissory note, judgment being taken against the maker by default.

Joseph C. Stebbins (Arthur W. Opp, of counsel), for plaintiff.

Otto A. Glassberg, for defendant indorser.

RANSOM, J. The question submitted for my determination, without a jury, was, in substance, whether the plaintiff bank has sufficiently shown that notice of protest was given to the defendant Berta Breitbart, indorser on a promissory note made and delivered by her husband, or whether she was discharged from liability as such indorser by reason of the bank's failure to give her such notice. Neg. Inst. Law, § 160. In addition to an answer which put the allegation of notice in issue, the defendant Berta Breitbart served and filed an affidavit (Code Civ. Pro. § 923), denying that she had ever received any notice of the dishonoring of the note, and she reiterated this denial upon the witness-stand. *Union Bank of Brooklyn* v. *Deshel,* 139 App. Div. 217. The plaintiff bank claims that it seasonably mailed such notice to the indorser as well as to the maker, and used all diligence in notifying both. Under such circumstances, it contends that the indorser's actual non-receipt of the notice, if found to be the fact, would be immaterial, in view of the provisions of section 176 of the Negotiable Instruments. Law. *State Bank* v. *Solomon,* 84 N. Y. Supp. 976; *Feigenspan* v. *McDonnell,* 201 Mass. 341.

Reference to the provisions of that section discloses, however, that its salutary declaration that " the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails " is explicitly limited in application to those cases " where notice of dishonor is *duly addressed* and deposited in the post-office." Has the bank proved the mailing of a notice " *duly addressed* " to Berta Breitbart? The notary's certificate avers such a mailing, but the affidavit of non-receipt (Code Civ. Pro. § 923) destroys even the *prima facie* force of that certificate and puts the plaintiff to its common-law proof (*Dupont Powder Co.* v. *Rooney,* 63 Misc. Rep. 344) of the seasonable mailing of a notice " duly addressed."

The defendant indorser, in placing her signature upon the note in suit, " *added an address,*" No. 169 Rivington street, and section 179 of the Negotiable Instruments' Law requires that where an address is stated on the instrument itself, " notice of dishonor must be sent to that address." Certainly a notice of dishonor otherwise addressed and not actually received cannot be said to have been " *duly* addressed," so as to secure for the bank the benefit of the conclusive presumptions created by section 176. In the case at bar, the notary testified, and his sworn certificate of protest averred, that he had made out and mailed notices of protest to both Maylich and Berta " Breitbart " addressed to each of them at No. 169 Rivington street. It developed, however, from the production of the same upon the trial, that the purported notice to the maker, as to which the notary made oath so confidently, was in fact addressed to " Bretbard " rather than " Breitbart," was plainly addressed to " 162 Rivington Street " rather than the address given on the note, and was not delivered to the addressee in the regular course of the mails at all, but was later handed to him, in an opened condition, by an unidentified boy of the neighborhood. Berta Breitbart testified that she never received any notice of protest, and had no knowledge of the receipt of any by her husband. In view of the notary's indubitable mistake in both his certificate and his testimony, as well as in both the address and the name on the notice to Maylich Breitbart, it seems not at all improbable that the same or some other or greater mistake was made as to Berta Breitbart. No. 169 Rivington street was the residence of the latter and her husband, and was the husband's place of business. Without setting forth here the facts at greater length, I am obliged to conclude that the bank has not established that its

attempted notice to Mrs. Breitbart was "duly addressed," in compliance with the law. It certainly has not convinced me that Mrs. Breitbart's denial is perjured or her non-receipt of the notice improbable. Inability to show that the notice was sent to the indorser at the correct address relieves her from liability. *Cuming* v. *Roderick,* 28 App. Div. 253; *Dupont Powder Co.* v. *Rooney,* 63 Misc. Rep. 344; *Montgomery Co. Bank* v. *Marsh,* 7 N. Y. 481; *Ebling Brewing Co.* v. *Reinheimer,* 32 Misc. Rep. 594; *Siegel* v. *Dubinsky,* 56 id. 681; *Bartlett* v. *Robinson,* 39 N. Y. 187; *Howard* v. *Van Gieson,* 46 App. Div. 77; *University Press* v. *Williams,* 48 id. 189.

In determining this question, I have endeavored to make a careful examination of reported decisions in many of the forty-eight states and territories which have adopted the Negotiable Instruments Law, but I find no indication in other commonwealths of views at variance with those deducible from decided cases in this state. I have made this scrutiny of decisions under the parallel sections of the Negotiable Instruments Law in other states, because of the great public importance that this statute " shall be so interpreted and construed as to effectuate its general purpose to make uniform the laws of those states which enact it." Not only is this rule of interpretation of the so-called " uniform statutes " one which should be followed in all good faith by the courts whenever questions of the interpretation of such a statute are presented, but counsel in such cases should feel it as important and necessary to bring to judicial attention the corresponding decisions of sister states as those of the courts of this jurisdiction. Except where courts of this state have passed upon the same question, decisions of the courts of other states, interpreting identical provisions of " uniform statutes," should be ac-

Surrogate's Court, Herkimer County, February, 1915.    [Vol. 89.

cepted by our trial courts with the same authority as
though rendered by our own tribunals.   Unless both
courts and counsel act with this mutual appreciation
of the peculiar status of these " uniform statutes "
and the salutary purposes sought in their enactment,
it will hardly be possible to avoid that peril of con-
flicting adjudications by the courts of different states,
based upon identical provisions of these uniform laws
— a peril " that has the potency to reduce to wreck-
age the efforts of both (uniform law) commissioners
and state legislatures towards uniformity."

Judgment may be entered for the defendant Berta
Breitbart.

Judgment accordingly.